**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4391**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

AHMOD SAQYAN HOOPER,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:17-cr-00198-CCE-1)

Submitted:  July 8, 2020                                  Decided:  July 16, 2020

Before THACKER, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Meredith C. Ruggles, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ahmod Saqyan Hooper appeals the sentence imposed upon revocation of his supervised release. Although he does not challenge the 18-month term of imprisonment imposed by the district court, he argues that the additional term of supervised release is plainly unreasonable because the district court failed to explicitly articulate how the imposition of supervised release comported with the relevant 18 U.S.C. § 3553(a) (2018) factors. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We . . . must determine whether the sentence is procedurally or substantively unreasonable," evaluating the same general considerations "'employ[ed] in our review of original sentences.'" *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)). We will affirm a revocation sentence if it is within the applicable statutory maximum and not "'plainly unreasonable.'" *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (quoting *Crudup*, 461 F.3d at 437). "Only if a revocation sentence is unreasonable must we assess whether it is plainly so." *Id.*

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Slappy*, 872 F.3d at 207 (footnotes omitted). "[A] revocation sentence is substantively reasonable if the court sufficiently state[s] a proper basis for its conclusion that the defendant should receive the sentence imposed," up to the statutory maximum. *Id.* (internal quotation marks

omitted). "A sentence within the policy statement range is presumed reasonable." *Padgett*, 788 F.3d at 373 (internal quotation marks omitted).

Having reviewed the parties' briefs and the record, we conclude that the district court relied on appropriate factors and adequately justified imposing an additional term of supervised release. Hooper's 12-month term of supervised release is not unreasonable and, therefore, not plainly so. Accordingly, we affirm the district court's revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*